Howard A. Newman, Esq., OSB No. 111314
howard@newmanlawoffices.com
NEWMAN LAW OFFICES
1717 K Street, NW; Ste 900  *or*  1050 SW Sixth Ave; Ste 1100
Washington, DC  20006          Portland, OR  97204
(202) 544-8040                       (503) 535-8040
F:  (866) 544-8040

        *Counsel for Thar Process, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| DALE FARMER and CALDERA GROUP, LLC, | Case No. 1:22-cv-01076-AA |
| Plaintiffs / Counterclaim Defendants, | |
| v. | **DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| THAR PROCESS, INC., | |
| Defendant / Counterclaimant, | |
| v. | |
| PACIFIC WEST MANUFACTURING, LLC, | |
| Additional Counterclaim Defendant. | |

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

Defendant, Thar Process, Inc., ("**Thar**"), by and through its undersigned counsel, for its answer, affirmative defenses, and counterclaims to the Complaint filed by Dale Farmer ("**Farmer**") and Caldera Group, LLC ("**Caldera**") (collectively, "**F&C**") and its counterclaims against additional Counterclaim Defendant, Pacific West Manufacturing, LLC ("**Pacific West**" and with F&C, the "**Counterclaim Defendants**") admits, denies, and alleges as follows:

## I.    THAR'S ANSWER TO COMPLAINT

Thar specifically responds to the individually numbered allegations of F&Cs' Complaint as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1.    Thar admits that it is a global leader of carbon dioxide technology and equipment. Thar admits that it manufactures supercritical fluid extraction machines.  Thar admits that its supercritical fluid extraction machines allow for the extraction and separation of a high variety of natural products without the use of dangerous solvents.  Thar denies all other allegations in this paragraph.

2.    Thar admits that it and Caldera discussed the sale of a supercritical fluid extractor and is without sufficient knowledge or information form a belief as to the truth of the allegations in this paragraph and denies the same.

3.    Thar admits that Farmer signed a purchase order on or about June 22, 2018.  The remaining averments of this paragraph attempt to characterize the contents of that purchase order, which is a written document that speaks for itself.  Thar denies those averments to the extent that they are inconsistent with the actual terms of the purchase order.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

4. This paragraph attempts to characterize the contents of that purchase order, which is a written document that speaks for itself. Thar denies those averments to the extent that they are inconsistent with the actual terms of the purchase order.

5. This paragraph attempts to characterize the contents of that purchase order, which is a written document that speaks for itself. Thar denies those averments to the extent that they are inconsistent with the actual terms of the purchase order.

6. This paragraph attempt to characterize the contents of that purchase order, which is a written document that speaks for itself. Thar denies those averments to the extent that they are inconsistent with the actual terms of the purchase order. By way of further answer, Thar admits that the total contract price was $2,413,000.

7. Thar denies the allegations in this paragraph.

8. Thar denies as stated the allegations in this paragraph. Thar admits that an entity affiliated with Caldera paid half the purchase price before the Extractor left Thar's plant in Pittsburgh.

9. Thar admits that it received approximately half of the purchase price from an affiliate of Caldera but denies the remaining allegations in this paragraph.

10. Thar denies the allegations in this paragraph.

11. This first two sentences of this paragraph attempt to characterize the contents of the quote that Thar provided to the F&C and the subsequent purchase order, which is a written document that speaks for itself. Thar denies those averments to the extent that they are inconsistent with the actual terms of the purchase order. Thar denies the remaining allegations in this paragraph.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW, Suite 900
Washington, DC 20006
(202) 544-8040

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC 20006
(202) 544-8040

12.     Thar admits that were significant problems with the Extractor.  Thar denies that any of the problems with the Extractor were due to any actions taken by Thar.

13.     Thar admits that Farmer and Caldera did not pay the remaining portion of the purchase price but denies the remaining allegations in this paragraph.

14.     Thar is without knowledge or information sufficient to form a belief as to whether the Extractor currently sits idle.  Thar denies the remaining allegations in this paragraph.

15.     Thar denies that it breached the purchase order.  It lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of this paragraph.

16.     Thar admits that it is entitled to the balance of the Purchase Price.  Thar specifically denies that F&C were injured. It lacks knowledge or information sufficient to form a belief about the truth of their claim that they were insulted.

17.      Thar lacks knowledge or information sufficient to form a belief about the truth of the F&C' averments concerning their reasons for bringing this action and denies the remaining allegations in this paragraph.

## **JURISDICTION AND VENUE**

18.     Thar admits the allegations in this paragraph.

## **THE PARTIES**

19.     Thar understands that Caldera is a limited liability company resident of Oregon and is without sufficient knowledge or information form a belief as to the truth of the allegations in this paragraph.

20.     Thar understands that Farmer is a resident of Oregon and is without sufficient knowledge or information form a belief as to the truth of the allegations in this paragraph.

21.    Thar admits the allegations in this paragraph.

## RELEVANT FACTUAL BACKGROUND

### A.    The Industrial Hemp Market & Caldera

22.    Thar admits the allegations in this paragraph.

23.    Thar admits the allegations in this paragraph.

24.    Thar admits the allegations in this paragraph.

25.    Thar admits that F&C are located in the Pacific Northwest. Thar denies the allegation that raw material was scarce.  Thar is without sufficient knowledge or information form a belief as to the truth of the remaining allegations in this paragraph.

26.    Thar denies the allegations in this paragraph.

27.    Thar is without sufficient knowledge or information form a belief as to the truth of the allegations in this paragraph. By way of further response, the extractor that Thar sold to the F&C extracts only crude oil and does not produce refined products such as THC Free CBD distillate.

28.    Thar denies the allegation in this paragraph.

### B.    The Extractor and CO2 Extractions

29.    Thar admits to the allegations in the first two sentences of this paragraph.  Thar denies the remaining allegations in this paragraph.

30.    Thar admits the allegations in this paragraph.

31.    Thar admits the allegations in this paragraph.

### C.    The Industrial Hemp Market & Caldera

32.    Thar admits the allegations in this paragraph.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

33.    Thar admits the allegations in this paragraph.

34.    Thar lacks knowledge or information sufficient to form a belief about the truth of the F&C' allegations concerning Farmer's role at Caldera and concerning Caldera's business objectives.  Thar admits that it and Farmer entered into the purchase order on or about June 22, 2018.  To the extent this paragraph attempts to characterize the contents of Thar's proposal and that purchase order, which are written documents that speak for themselves.  Thar denies those averments to the extent that they are inconsistent with the actual terms of those documents.

35.    This paragraph attempts to characterize the contents of the proposal and the purchase order, which are written documents that speak for themselves.  Thar denies those averments to the extent that they are inconsistent with the actual terms of the proposal and purchase order.

36.    Thar denies the allegations in this paragraph. By way of further answer, Thar understands that F&C hired someone to perform these services for them.

37.    This paragraph attempts to characterize the contents of the proposal and purchase order, which are written document that speak for themselves.  Thar denies those averments to the extent that they are inconsistent with the actual terms of the proposal and purchase order.

38.    This paragraph attempts to characterize the contents of the proposal and the purchase order, which are written documents that speak for themselves.  Thar denies those averments to the extent that they are inconsistent with the actual terms of the proposal and purchase order.

39.    Thar denies the allegation of this paragraph that it was aware of Caldera's having orders.  Thar is without knowledge or information sufficient to admit or deny the averment of this

paragraph that Caldera had orders.  The remaining averments of this paragraph attempt to characterize the contents of the proposal and the purchase order, which are written documents that speak for themselves.  Thar denies those averments to the extent that they are inconsistent with the actual terms of the purchase order.

40.     Thar denies the allegations in this paragraph.

41.     Thar admits that it advised the F&C that the extractor would be ready for shipment in March 2019 and that the extractor was shipped to Caldera's facility during that month but otherwise denies the allegations in this paragraph.

42.     Thar lacks knowledge or information sufficient to form a belief about the truth of the averments of this paragraph.

43.     To any extent that this paragraph attempts to characterize the contents of the proposal and purchase order, these are written documents that speaks for themselves.  Thar denies those averments to the extent that they are inconsistent with the actual terms of the proposal and purchase order.  Thar lacks knowledge or information sufficient to form a belief about the truth of the F&Cs' allegations concerning Farmer's role at Caldera and concerning Caldera's business objectives.

44.     Thar denies the allegations in this paragraph.

45.     Thar denies the allegations in this paragraph.

46.     Thar denies the allegations in this paragraph.

47.     Thar denies the allegations in this paragraph.

48.     Thar admits that its representatives traveled to Caldera's facility.  Thar denies the remaining allegations in this paragraph.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

49.     Thar admits that its representative consulted with personnel at Thar's offices in Pittsburgh and denies the remaining allegations in this paragraph. By way of further responses, F&C actually offered to hire one of the Thar representatives who traveled to their facility.

50.     Thar denies the allegations in this paragraph.

51.     Thar denies the allegations in this paragraph.

52.     To any extent that this paragraph attempts to characterize the contents of the proposal and purchase order, these are written documents that speaks for themselves.  Thar denies those averments to the extent that they are inconsistent with the actual terms of the proposal and purchase order.  Thar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

53.     Thar denies the allegations in this paragraph. By way of further answer, Thar shipped the System with a 40 kg/m pump.

54.     Thar denies the allegations in this paragraph.

55.     Thar denies the allegations in this paragraph. By way of further responses F&C attempted to "jailbreak" the software that governed the operation of this system.

56.     Thar is without knowledge or information sufficient to form a belief as to whether crude oil was found within the extractor.  Thar denies the remaining allegations in this paragraph.

57.     Thar denies the allegations in this paragraph.

58.     Thar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59.     Thar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

60.    Thar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61.    Thar denies the allegations in this paragraph.

62.    Thar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning alleged statements of a former engineer and denies the allegations in this paragraph.

63.    Thar denies any allegation of this paragraph that it breached the proposal or the purchase order.  Thar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

64.    Thar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65.    Thar is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66.    Thar is without sufficient knowledge or information form a belief as to the truth of the allegations in this paragraph concerning the current use of the extractor.  Thar denies the remaining averments of this paragraph.

67.    Thar denies the allegations in this paragraph.

68.    Thar admits that a Site Acceptance Test was conducted on or about July 24, 2019, and that F&C did not pay the remaining balance of the purchase price.  Thar denies the remaining allegations in this paragraph.

69.    Thar admits the averments of this paragraph concerning the market for the identified products. Thar denies the remaining averments of this paragraph.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

70. Thar denies any allegation that the F&C have suffered any legally cognizable damage for which Thar is responsible and is without sufficient knowledge or information form a belief as to the truth of the allegations in this paragraph and denies the same.

71. Thar admits that it has claimed to be owed the remainder of the contract price. By way of further response, Thar is owed the remainder of the contract price. Thar denies the remaining allegations in this paragraph.

72. Thar denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

73. Thar adopts and incorporates its responses to paragraphs 1 through 72 as if set forth fully herein.

74. Thar admits to the averments of this paragraph.

75. Thar denies the allegations in this paragraph.

76. Thar denies the allegations in this paragraph.

77. Thar denies the allegations in this paragraph.

78. Thar denies the allegations in this paragraph. Specifically, F&C have failed to pay Thar the agreed price for the extractor.

## SECOND CAUSE OF ACTION
### (Damages for Price Under the Uniform Commercial Code)

79. Thar adopts and incorporates its responses to paragraphs 1 through 79 as if set forth fully herein.

80. Thar admits to the averments of this paragraph.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC 20006
(202) 544-8040

81.    Thar admits to the averments of this paragraph.

82.    Thar admits to the averments of this paragraph.

83.    Thar denies the allegations in this paragraph.

84.    Thar denies the allegations in this paragraph.

## THIRD CAUSE OF ACTION
### (Damages for Breach of Warranty Under the Uniform Commercial Code)

85.    Thar adopts and incorporates its responses to paragraphs 1 through 84 as if set forth fully herein.

86.    Thar admits to the averments of this paragraph.

87.    Thar admits to the averments of this paragraph.

88.    Thar admits to the averments of this paragraph.

89.    Thar denies the allegations in this paragraph.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

90.    Thar adopts and incorporates its responses to paragraphs 1 through 89 as if set forth fully herein.

91.    Thar admits to the averments of this paragraph.

92.    Thar is without sufficient knowledge or information form a belief as to the truth of the allegations in this paragraph concerning F&Cs' reasons for making a payment to Thar and admits to the remaining allegations of this paragraph.

93.    Thar denies the allegations in this paragraph.

94.    Thar denies the allegations in this paragraph.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC 20006
(202) 544-8040

95.    Thar denies the allegations in this paragraph.

## FIFTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

96.    Thar adopts and incorporates its responses to paragraphs 1 through 95 as if set forth fully herein.

97.    Thar admits to the averments of this paragraph.

98.    Thar admits to the averments of this paragraph.

99.    Thar denies the allegations in this paragraph.  Specifically, F&C have failed to pay Thar the agreed price for the extractor.

100.    Thar denies the allegations in this paragraph.

101.    Thar denies the allegations in this paragraph.

102.    Thar denies the allegations in this paragraph.

## SIXTH CAUSE OF ACTION
### (Declaratory Relief)

103.    Thar adopts and incorporates its responses to paragraphs 1 through 102 as if set forth fully herein.

104.    Thar admits the allegations in this paragraph.

105.    Thar is without sufficient knowledge or information form a belief as to the truth of the allegations in this paragraph concerning F&Cs' reasons for making a payment to Thar and admits to the remaining allegations of this paragraph.

106.    Thar admits the allegations in this paragraph.  By way of further response, Thar is owed and due the unpaid remainder of the contract price.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

Page **12** of 22    DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

107.    Thar denies the allegations in this paragraph.

**WHEREFORE** Thar respectfully requests that this Court enter judgment on F&Cs' claims in favor of Thar and against F&C and award Thar at least the costs of this action and such other relief as this Court deems to be appropriate.

## II.    AFFIRMATIVE DEFENSES

Thar asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### Unclean Hands

Because F&C at least:  (i) failed to timely obtain all permits and approvals necessary to operate the extractor at their facility, (ii) failed to timely provide a suitable facility for the extractor, (iii) refused Thar's offer to accept back the extractor, (iv) continued to operate the extractor, (v) has continued to operate the extractor, (vi) has made modifications to the extractor, (vii) has attempted to use the extractor for improper purposes, and/or (viii) has improperly modified or attempted to modify the software that regulates the operation of the extractor, F&Cs' claims are barred, in whole or in part, because of F&Cs' unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### Laches

Because F&C at least:  (i) failed to timely obtain all permits and approvals necessary to operate the extractor at their facility, (ii) failed to timely provide a suitable facility for the extractor, (iii) refused Thar's offer to accept back the extractor, (iv) continued to operate the extractor, (v)

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

has continued to operate the extractor, (vi) has made modifications to the extractor, (vii) has attempted to use the extractor for improper purposes, and/or (viii) has improperly modified or attempted to modify the software that regulates the operation of the extractor, F&Cs' claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
**Estoppel**

Because F&C at least:  (i) failed to timely obtain all permits and approvals necessary to operate the extractor at their facility, (ii) failed to timely provide a suitable facility for the extractor, (iii) refused Thar's offer to accept back the extractor, (iv) continued to operate the extractor, (v) has continued to operate the extractor, (vi) has made modifications to the extractor, (vii) has attempted to use the extractor for improper purposes, and/or (viii) has improperly modified or attempted to modify the software that regulates the operation of the extractor, F&Cs' claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE
**Waiver**

Because F&C at least:  (i) failed to timely obtain all permits and approvals necessary to operate the extractor at their facility, (ii) failed to timely provide a suitable facility for the extractor, (iii) refused Thar's offer to accept back the extractor, (iv) continued to operate the extractor, (v) has continued to operate the extractor, (vi) has made modifications to the extractor, (vii) has attempted to use the extractor for improper purposes, and/or (viii) has improperly modified or attempted to modify the software that regulates the operation of the extractor, F&Cs' claims are barred, in whole or in part, by the doctrine of waiver.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

### SIXTH AFFIRMATIVE DEFENSE
**Failure to Mitigate Damages**

Because F&C refused Thar's offer to accept back the extractor, F&Cs' claims are barred, in whole or in part, by their failure to mitigate any damages they claim to have suffered.

### SEVENTH AFFIRMATIVE DEFENSE
**Statutes of Limitations and Repose**

F&Cs' claims are barred, in whole or in part, by applicable statutes of limitations and repose.

### III.    COUNTERCLAIMS

Thar asserts the following counterclaims (collectively, "***Counterclaims***"), jointly and severally, against F&C and against Pacific West, *i.e.*, the Additional Counterclaim Defendant (collectively, the "***Counterclaim Defendants***"):

### A.    Additional Counterclaim Defendant Pacific West and Jurisdiction over Counterclaims

1.    Thar incorporates its pleadings above with regard to its identity and citizenship and the respective identity and citizenship of F&C.

2.    Pacific West is a limited liability company organized under the laws of the State of Oregon with a principal place of business at 2221 Tower East, Medford, OR 97504.   On information and belief, Caldera is the sole member of Pacific West.

3.    This Court has jurisdiction over these counterclaims pursuant to the supplemental jurisdiction of 28 U.S.C. § 1367.   Independently, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332 because Thar is of diverse citizenship from each of

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

the Counterclaim Defendants and because the amount in controversy in these counterclaims is greater than $75,000.00.

**B.    Factual Allegations**

4.    Thar is based in Allegheny County, Pennsylvania, and provides equipment, products and services related to the processing of hemp. Through its equipment and systems, Thar processes hemp and extracts higher-value end-products such as Winterized Crude, Full Spectrum Distillate or Broad Spectrum (THC free) Distillate Cannabidiol ("***CBD***") oil.

5.    Thar also designs and sells its equipment to third parties such as the Counterclaim Defendants.

6.    In the early part of 2018, Farmer, on behalf of Caldera and Pacific West, approached Thar and requested that Thar design, deliver, and install a hemp processing system at the Counterclaim Defendants' facility in Oregon.

7.    On or around June 22, 2018, Farmer, on behalf of Caldera and Pacific West, requested, and Thar agreed to design, deliver, and install a hemp processing system known as a Supercritical Fluid Extraction Machine (the "***System***").

8.    At that same time, Thar provided Farmer with a proposal and a sales order for the System.

9.    A copy of Thar's June 22, 2018 proposal, redacted in order to prevent the disclosure of certain proprietary information, is attached hereto as **Exhibit A** ("***Proposal***").

10.    A copy of the June 28, 2018 sales order is attached hereto as **Exhibit B** ("***Sales Order***").

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC 20006
(202) 544-8040

11.    As evidenced by the Sales Order, Farmer, on behalf of Caldera and Pacific West, agreed to pay Thar $2,413,000 for the System.

12.    Thereafter and through May 1, 2019, Thar performed its work through commissioning and transferring the System to F&C and Pacific West.

13.    The Counterclaim Defendants have, on information and belief, made use of and benefitted from the use of the System.

14.    Although the Counterclaim Defendants have paid Thar $1.2 million, they have failed to pay Thar the full contract price for the System, giving rise to the following action.

C.    **Counts of the Counterclaims**

## COUNT I – BREACH OF CONTRACT

15.    Thar repeats and realleges the allegations contained in the preceding paragraphs of the Counterclaims.

16.    The Counterclaim Defendants requested that Thar design, furnish and install the System.

17.    In accordance with their request, Thar provided a Proposal and Sales Order.

18.    Pursuant to the Proposal and Sales Order, Thar designed, delivered, and installed the System for the Counterclaim Defendants.

19.    Thar's actions in providing the Proposal and Sales Order and designing, delivering, and installing the System to the Counterclaim Defendants constituted a valid offer pursuant to U.C.C. §2-206.

20.    In March 2019, the Counterclaim Defendants received and accepted the System without dispute or objection.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC 20006
(202) 544-8040

21.    The Counterclaim Defendants have not taken any action constituting a rejection.

22.    Further, the Counterclaim Defendants have taken ownership of the System, inconsistent with Thar's ownership.

23.    Therefore, according to U.C.C. §2-606, the Counterclaim Defendants have accepted the System.

24.    The prices charged by Thar for the System were the prices that Farmer, on behalf of Caldera and Pacific West, agreed to pay and were the fair, reasonable, and market prices that prevailed at the time of the transaction.

25.    All conditions precedent to the Counterclaim Defendants' obligation to pay for the System have been satisfied.

26.    The Counterclaim Defendants have breached the contract with Thar by failing to pay the full contract price to Thar despite repeated requests to do so.

**WHEREFORE**, Thar respectfully requests that this Court enter an Order granting judgment in its favor and against the Counterclaim Defendants, singly or jointly and severally, in an amount to be proven at trial in excess of $75,000.00, plus interest, costs of suit, punitive damages and any and all other relief that this Court may deem appropriate under the circumstances:

## COUNT II – UNJUST ENRICHMENT

27.    Thar repeats and realleges the allegations contained in the preceding paragraphs of the Counterclaims.

28.    The Counterclaim Defendants requested that Thar design, furnish and install the above-described System.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC 20006
(202) 544-8040

29.    The Counterclaim Defendants received, realized, and retained a benefit in the form of now being able to process hemp into CBD oil and other products at their own facility.

30.    The prices that Thar charged were the fair, reasonable, and market prices that prevailed at the times of the transactions.

31.    Thar designed, installed, and furnished the System at the request or direction of the Counterclaim Defendants.

32.    Each of the Counterclaim Defendants enjoys and uses the System, yet Thar has not been paid in full for the System.  Specifically, Pacific West owns and operates the facility in which the System was delivered, installed, and is currently in use.  Caldera utilizes and benefits from the System.

33.    Thar did not design, furnish, and install the System as a volunteer, but rather acted with a justifiable expectation of compensation for its labor, equipment, materials, and services.

34.    The reasonable value of the System and related services provided to the Counterclaim Defendants was equal to or greater than $2,413,000, as is more specifically set forth in the Sales Quote.

35.    Thar has made demand upon the Counterclaim Defendants for payment in full.

36.    Although repeatedly demanded to do so by Thar, the Counterclaim Defendants have willfully failed and refused to pay in full for the System.

37.    It is inequitable for the Counterclaim Defendants to retain the benefit of Thar's efforts without paying for the full value of the benefit conferred upon it.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

38.     As a result of each of the Counterclaim Defendants' retaining the benefit conferred upon him or it by Thar without rendering fair and reasonable payment for same each of the Counterclaim Defendants has been unjustly enriched.

**WHEREFORE**, Thar respectfully requests that this Court enter an Order granting judgment in its favor and against the Counterclaim Defendants, singly or jointly and severally, in an amount to be proven at trial in excess of $75,000.00, plus interest, costs of suit, punitive damages and any and all other relief that this Court may deem appropriate under the circumstances.

## COUNT III – QUANTUM MERUIT

39.     Thar repeats and realleges the allegations contained in the preceding paragraphs of the Counterclaims.

40.     At the request of Farmer, and with the knowledge and consent of Caldera and Pacific West, Thar designed, furnished, tested, and commissioned the System.

41.     Thar furnished this labor and materials with the expectation of payment and not as a volunteer.

42.     Thar has placed the Counterclaim Defendants on notice of its claim and demanded full payment thereof, but only partial payment has been received from any of them to reduce the unpaid balance.

43.     Such labor and materials provided a substantial benefit to the Counterclaim Defendants, which they have retained but for which they have failed and refused to pay Thar in full.  In particular, Pacific West owns and operates the facility in which the System was delivered, installed, and is currently in use.  Caldera utilizes and benefits from the System.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040

44.    It would be inequitable and unjust to allow the Counterclaim Defendants to retain the benefit of the work and materials supplied by Thar.

45.    Therefore, Thar is entitled to restitution in the form of quantum meruit for the reasonable value of the labor, equipment, and services that it provided to the Counterclaim Defendants for which it has not been paid.

**WHEREFORE**, Thar respectfully requests that this Court enter an Order granting judgment in its favor and against the Counterclaim Defendants, singly or jointly and severally, in an amount to be proven at trial in excess of $75,000.00, plus interest, costs of suit, punitive damages and any and all other relief that this Court may deem appropriate under the circumstances.

**D.    Jury Demand.**

Thar respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

NEWMAN LAW OFFICES

By:   __/s Howard A. Newman/__
Howard A. Newman, Esq.
Oregon Bar No. 111314

*Counsel for Defendant, Thar Process, Inc.*

Dated:  September 19, 2022.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC 20006
(202) 544-8040

Page **21** of 22   DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   **19th**   day of September, 2022, a true and correct copy of the foregoing has been furnished by eFile, CM/ECF, and/or electronic mail, pursuant to consent, to**:**

**CHARLES E. BOLEN, ESQ.**
HORNECKER COWLING LLP
14 N. Central Ave., Suite 104
Medford, OR  97501
(541) 779-8900
ceb@roguelaw.com

*Counsel for Plaintiffs, Dale Farmer and Caldera Group, LLC*

   /s Howard A. Newman/
Howard A. Newman, Esq.

Newman Law Offices
Attn: **Howard A. Newman, Esq.**
1717 K Street, NW; Suite 900
Washington, DC  20006
(202) 544-8040