IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DALE FARMER; CALDERA GROUP, LLC,<br><br>　　　　Plaintiffs and Counterclaim Defendants,<br><br>　　v.<br><br>THAR PROCESS, INC.,<br><br>　　　　Defendant and Counterclaimant,<br><br>　　v.<br><br>PACIFIC WEST MANUFACTURING, LLC,<br><br>　　　　Counterclaim Defendant.| Civ. No. 1:22-cv-01076-AA<br><br>**OPINION & ORDER** |

AIKEN, District Judge.

On June 12, 2023, local counsel for Defendant and Counterclaimant Thar Process, Inc. ("Thar") withdrew from representing Thar. ECF No. 29. On October 2, 2023, Thar's pro hac vice counsel filed a motion to withdraw. ECF No. 35. The Court

held a hearing on the request, at which Thar's counsel represented that Thar was in receivership and was unable to secure local counsel or defend in this action. ECF No. 37. The Court granted counsel's request to withdraw and gave Thar thirty days to secure replacement counsel, with the warning that corporations may not appear pro se in federal court and that the failure to secure counsel would result in the entry of default against Thar as to all claims and counterclaims. The Court set a hearing for November 21, 2023, for Thar to appear with new counsel.

On the date of the hearing, Thar did not appear by counsel other than their receivership attorney, who observed the proceedings. It is a longstanding rule that corporations and other incorporated associations must appear in court through an attorney. *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); *see also* Local Rule 83-9(b) ("Unless otherwise specifically provided by law or Court order, a corporation may appear or act only through an attorney."). An unrepresented entity is subject to the entry of default and default judgment. *Caveman Foods, LLC v. Jann Payne's Caveman Foods, LLC*, Civ. No. 2:12-1112 WBS DAD, 2015 WL 6736801, at *4 (E.D. Cal. Nov. 4, 2015) (citing *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007)).

In this case, the Court has ensured that Thar has had both the time to secure new counsel and an understanding of the consequences of the failure to secure representation. ECF No. 37. The time allowed has passed. Consistent with the Court's prior Order, the Court therefore finds that Thar is DEFAULTED as to all

claims against it in this case and that all counterclaims brought by Thar are DISMISSED.  Plaintiffs are directed to submit a motion for default judgment within fourteen (14) days of the date of this Order.  All other pending motions are MOOT.

It is so ORDERED and DATED this ___21st___ day of November 2023.

                                         /s/Ann Aiken
                                         ANN AIKEN
                                         United States District Judge